# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| K.A., | Civil Action No. 18-3436 (JLL) |
| Petitioner, | |
| | OPINION |
| v. | |
| CHARLES GREEN, | |
| Respondent. | |

**LINARES**, Chief District Judge:

Presently before the Court is the petition for a writ of *habeas corpus* of Petitioner K.A. (ECF No. 1), as well as Petitioner's motion to seal this matter. (ECF No. 8). Following an order to answer, the Government filed a response to the *habeas* petition (ECF No. 4), to which Petitioner has replied. (ECF No. 7). For the following reasons, this Court will grant Petitioner's motion to seal only to the extent that the parties and Clerk of Court shall be instructed to refer to Petitioner strictly by his initials, and will grant the petition.

## I. BACKGROUND

This Court recounted the history of Petitioner's immigration proceedings as follows in its opinion denying Petitioner's previous habeas petition:

> Petitioner, K.A., is a native and citizen of Nigeria who entered the United States sometime prior to April 2000. In April 2000, Petitioner was convicted of possession with intent to distribute a controlled substance within 1000 feet of a school and armed robbery in the Superior Court of New Jersey for Essex County. Based on that criminal conviction, on August 25, 2008, the Government placed Petitioner into removal proceedings.
>
> During the pendency of those removal proceedings, Petitioner was temporarily released on bond in 2010. Petitioner's bond was revoked, however, when he was arrested and placed into

> criminal custody in April 2011 by the United States Marshals. Petitioner remained in criminal custody until January 25, 2017, when he was released into the custody of immigration officials and placed once again into immigration custody following the dismissal of his federal criminal charges.[] While he had been in criminal custody, however, his immigration proceedings had continued, resulting in his being ordered removed by an Immigration Judge in July 2010, the Board of Immigration Appeals ("BIA") dismissing his appeal of that order in May 2012, and the Third Circuit Court of Appeals denying Petitioner's petition for review of his removal order in April 2013. Thus, as of May 23, 2012, Petitioner was subject to an administratively final order of removal notwithstanding his then being held on federal criminal charges. Petitioner has since filed a motion to reopen his removal proceedings[.] Petitioner also filed with the BIA a motion for a stay of removal pending a decision on his motion to reopen, but the BIA denied that motion on August 16, 2017.
>
> Upon his being returned to immigration custody, the Government made efforts to secure a travel document for Petitioner from the Nigerian Consulate, ultimately resulting in a travel document being issued and Petitioner being scheduled to be removed from the United States via a chartered flight in August 2017. On August 25, 2017, however, Petitioner filed petitions for review of the BIA's denial of his stay motion with both the Third and Ninth Circuit Courts of Appeal.[] Although the Third Circuit dismissed the petition for review and denied the motion for a stay outright in October 6, 2017, the Ninth Circuit, pursuant to its rules, issued a temporary stay of removal pending a decision on Petitioner's stay motion in August 2017. On October 11, 2017, however the Ninth Circuit issued a formal order dismissing Petitioner's petition for review for lack of jurisdiction and vacating the temporary stay.

*K.A. v. Green*, No. 17-3542, 2017 WL 5513685, at *1-2 (D.N.J. Nov. 16, 2017) (citations omitted).

On November 22, 2017, Petitioner's motion to reopen his removal proceedings was denied by the BIA. (ECF No. 5-14 at 2). Petitioner thereafter filed a petition for review with the Third Circuit Court of Appeals. (Third Circuit Docket No. 17-3640 Docket Sheet). Petitioner also filed a motion for a stay of removal. (*Id.*). On December 18, 2017, the Third Circuit granted Petitioner's motion to stay removal and appointed counsel to represent Petitioner in his petition for review.

(*Id.*). Since that time, it does not appear that any movement has occurred before the Third Circuit, and it appears that no filings have been made since the grant of the stay in December 2017. (*Id.*). In addition to his *habeas* proceedings in this Court, Petitioner also filed a *habeas* petition in the District of Arizona while he was briefly in that state while the Government was preparing to remove him in August 2017. (*See* Document 1 attached to ECF No. 11). That petition, however, was denied on June 22, 2018. (*Id.*).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), *habeas* relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

#### 1. Petitioner's Motion to Seal the Record Shall be Granted Only to the Extent Petitioner Requests He be Referred to by His Initials

Petitioner has filed a motion with this Court in which he requests that any and all documents in this matter which contain his identifying information regarding him be redacted or sealed and that he not be referred to by his full name. The Court notes that Petitioner has previously made similar requests in both his previous *habeas* petition and in multiple cases before the Third Circuit.

In each prior incident, this Court or the Third Circuit has granted Petitioner's request only to the extent of ordering that he be referred to going forward by his initials rather than by name. *See, e.g., K.A.*, 2017 WL 5513685 at *2. The Third Circuit, however, has twice denied his requests to fully seal all records filed in his immigration appeals, and this Court has likewise declined to grant such sweeping relief in response to Petitioner's motions to seal the record. *Id.*; (*see also* Third Circuit Docket No. 17-3640 Docket Sheet).

In light of the fact that Petitioner's immigration *habeas* proceedings are already subject to access restrictions, and given the fact that Petitioner chose not to file his motion to seal until this matter was fully briefed and only filed his motion after he had himself supplied numerous documents to the Court identifying himself, this Court finds that directing all parties to refer to Petitioner by his initials is sufficient to address Petitioner's privacy concerns, and that the sealing of all the record documents in this matter is not warranted. Petitioner's motion shall therefore be granted only to the extent that this Court shall direct the parties to refer to Petitioner by his initials and the Court will direct the Clerk of the Court to amend the caption to also refer to Petitioner by his initials, but is denied to the extent that Petitioner seeks to have all documents in this matter sealed or otherwise redacted. *K.A.*, 2017 WL 5513685 at *2.

**2. Petitioner's Entitlement to Relief from Detention**

Because Petitioner is currently subject to a judicially ordered stay entered by the Third Circuit, he is currently detained pursuant to 8 U.S.C. § 1226(c), and he shall remain so detained until such time as the Third Circuit either vacates the stay or issues a final order in his petition for review of the matter. *See Leslie v. Att'y Gen.*, 678 F.3d 265, 268-71 (3d Cir. 2012). The Supreme Court has held that § 1226(c) authorizes, and indeed mandates, detention throughout a petitioner's removal proceedings so long as he is not placed into witness protection, *see Jennings v. Rodriguez*,

538 U.S. ---, 138 S. Ct. 830, 846-47 (2018), and as the Supreme Court has also found the statute facially constitutional, *see Demore v. Kim*, 538 U.S. 510, 525-31 (2003), Petitioner would only be entitled to relief from his ongoing immigration detention pending the conclusion of his proceedings before the Third Circuit if he were to show that the application of the statute to him is unconstitutional under the current circumstances. *See, e.g., Dryden v. Green*, No. 18-2686, 2018 WL 3062909, at *3-4 (D.N.J. June 21, 2018).

Before addressing Petitioner's argument that his ongoing detention amounts to an unconstitutional application of § 1226(c), the Court must address Petitioner's argument that the Court should reinstate his prior bond because he believes that his prior bond was improperly revoked when it was terminated upon his arrest by federal criminal authorities. Unfortunately for Petitioner, this Court is without jurisdiction to review the decision of immigration authorities to revoke his bond. *See* 8 U.S.C. § 1226(e). Pursuant to § 1226(e), "[n]o court may set aside any action or decision [of immigration authorities] regarding . . . the grant, revocation, or denial of bond or parole." *Id.* As such, this Court has no authority to review the revocation of his bond, and cannot order the reinstatement of Petitioner's prior bond arrangement. Petitioner's entitlement to relief thus rests entirely on his argument that his ongoing detention is an unconstitutional application of § 1226(c).

Petitioner chiefly contends in this matter that his ongoing detention is contrary to the Third Circuit's decisions in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011), and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015). As Judge Wigenton explained in *Dryden*, however, the decisions in *Diop* and *Chavez-Alvarez* were based upon the very theory of constitutional avoidance that the Supreme Court rejected in *Jennings*. *See* 2018 WL 3062909, at *3-4. Thus, the limitations imposed by *Diop* and *Chavez-Alvarez* arising out of

this constitutional avoidance theory are not binding upon this Court and provide no basis for relief in this matter.

It does not follow, however, that this Court should ignore those two cases entirely – "the reasoning that underlay the Third Circuit's invocation of the constitutional avoidance canon still provides some persuasive guidance to how [courts] should address § 1226(c) claims." *Dryden*, 2018 WL 3062908 at *4. Thus, it remains true that the "constitutionality of [§ 1226(c) detention] is a function of the length of the detention [and t]he constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues," and "any determination on reasonableness [must be] highly fact specific." *Chavez-Alvarez*, 783 F.3d at 474-75; *see also Diop*, 656 F.3d at 232, 234. Ultimately, the detention of an alien will amount to an unconstitutional application of § 1226(c) where the alien's detention has become "so unreasonable [that it] amount[s] to an arbitrary deprivation of liberty [which] cannot comport with the requirements of the Due Process Clause." *Dryden*, 2018 WL 3062908 at *4; *see also Demore*, 538 U.S. at 432; *Chavez-Alvarez*, 783 F.3d at 474. While it remains true following *Jennings* that "aliens who are merely gaming the system to delay their removal should not be rewarded with a bond hearing that they would otherwise not get under the statute," *Chavez-Alvarez*, 783 F.3d at 476, it also remains true that those aliens who are merely pursuing the remedies available to them in good faith should not be penalized for pursuing their legal rights. *Leslie*, 678 F.3d at 271. Since *Jennings*, courts in this District have applied this remaining framework and have largely found that detention for just over a year pursuant to § 1226(c) is insufficient to amount to an arbitrary deprivation of liberty and will thus not suffice to prove that the statute has been unconstitutionally applied. *See, e.g., Dryden*, 2018 WL 3062908 at *4-5 (detention for just over a year not unconstitutional); *Charles A. v. Green*, No. 18-1158, 2018 WL 3350765, at *5 (same); *Carlos A.*

*v. Green*, No. 18-741, 2018 WL 3492150, at *5 (detention for just over 13 months not unconstitutional).

Turning to the facts at hand, Petitioner's current period of immigration detention, which commenced upon his release from several years of criminal custody, has lasted approximately nineteen months. While the Court acknowledges that "were it not for Petitioner's eleventh hour motion for a stay with the Ninth Circuit" Petitioner would previously have been removed, *K.A.*, 2017 WL 5513685 at *5, that fact does not in and of itself establish that Petitioner's actions were designed to game the immigration system. Instead, more recent developments suggest that Petitioner's actions last summer were his attempt to secure his right to an appeal from the BIA to the circuit courts through an incorrect means. Once Petitioner followed the proper means for filing a petition for review of the final order of the Board of Immigration Appeals, Petitioner was granted a stay of removal on his case by the Third Circuit, and his petition before the Court of Appeals remains pending. That the Third Circuit granted a stay in and of itself indicates that the applicable panel of that Court found some merit to Petitioner's claims. *See Nken v. Holder*, 556 U.S. 418, 434 (2009).

The lack of removal requires this Court to weigh whether the stay applicant has made a showing of likely success on the merits, whether he will be irreparably harmed absent a stay, whether a stay will injure the other parties, and the public interest. Thus, as the Government has not provided compelling evidence to the contrary, Petitioner's receipt of a stay suggests that Petitioner's actions amount to a good faith effort to pursue available remedies, and it follows that Petitioner should not be held to account and accorded blame for doing so. *Leslie*, 678 F.3d at 271. As this Court has no reason to conclude that bad faith on the part of Petitioner is the reason for the current delay before the Third Circuit, it appears that Petitioner's ongoing detention for

approximately nineteen months has become so unreasonable or arbitrary as to amount to a denial of Due Process given Petitioner's history and his actions prior to his receipt of his current stay of removal. As such, the Court finds that Petitioner's detention has become so prolonged such that Petitioner's continued detention, absent a bond hearing, would be so unreasonable as to amount to an arbitrary deprivation of liberty. Petitioner's ongoing detention without a bond hearing thus amounts to an unconstitutional application of § 1226(c), and this Court will therefore grant Petitioner's *habeas* petition and order that an immigration judge provide Petitioner with a bond hearing within ten days.[2] At that hearing, "the Government [will be required] to produce individualized evidence that [Petitioner's] continued detention was or is necessary" to further the goals of § 1226(c) – specifically ensuring that Petitioner presents neither a danger to the community nor a flight risk. *Chavez-Alvarez*, 783 F.3d at 477-78.

### III. CONCLUSION

For the reasons expressed above, this Court will grant Petitioner's motion to seal only to the extent he requests the Court refer to him by his initials, and will grant Petitioner's *habeas* petition. An immigration judge shall therefore be required to provide Petitioner with a bond hearing within ten days, at which the Government bears the burden of showing that Petitioner is either a danger to the community or a flight risk. An appropriate order follows.

JOSE L. LINARES
Chief Judge, United States District Court

8/7/18

---

[2] The Court notes that Petitioner also filed in this matter several applications for an expedited decision. As this Court has now decided this matter in his favor, those requests will be denied as moot.