# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| K.A., | Civil Action No. 18-3436 (JLL) |
| Petitioner, | |
| | OPINION |
| v. | |
| CHARLES GREEN, | |
| Respondent. | |

**LINARES**, Chief District Judge:

Presently before the Court is Petitioner's motion seeking to re-open this matter and enforce this Court's prior order granting Petitioner a bond hearing. (ECF No. 16). For the reasons set forth below, Petitioner's motion shall be denied.

## I. BACKGROUND

Because this Court summarized the background of this matter in the opinion granting Petitioner a bond hearing, only a brief recitation of the subsequent history of this matter is necessary for the purposes of this Order. On August 7, 2018, this Court entered an order and opinion granting Petitioner's habeas petition and granting him a bond hearing. (ECF Nos. 13–14). In granting Petitioner a bond hearing, this Court indicated that "[a]t [the] hearing, the Government [will be required] to produce individualized evidence that [Petitioner's] continued detention was or is necessary to further the goals of § 1226(c) – specifically ensuring that Petitioner presents neither a danger to the community nor a flight risk." (ECF No. 13 at 8, internal quotations omitted).

Petitioner thereafter received a bond hearing. (*See* ECF No. 15). On August 17, 2018, the immigration judge who conducted the hearing denied Petitioner bond by way of a written opinion.

1

(ECF No. 15 at 2–7). In that opinion, the immigration court clearly identified the burden of proof it was applying:

> Once an alien's detention is found to be unreasonable, "the Due Process Clause demands a hearing, at which the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute. *Diop* [*v. ICE/Homeland Sec.*, 656 F.3d 221, 233 (3d Cir. 2011)] (holding that [§ 1226(c)] is "only unconstitutional when it is applied to detain someone for an unreasonable length of time without further individualized inquiry into whether detention is necessary to carry out the purposes of the statute."). [The Government] must establish with evidence particular to the alien that continuing to detain him or her is necessary to ensure that the alien attends removal hearings or that his or her release will pose a danger to the community. *Diop*, 656 F.3d at 233; *Leslie* [*v. Att'y Gen.*, 678 F.3d 265, 271 (3d Cir. 2012)]; *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469, 478 (3d Cir. 2015).

(ECF No. 15 at 4).

The immigration judge then went on to apply that standard to the facts presented to it and concluded that Petitioner was both a flight risk and a danger to the community, and that his detention therefore was necessary to fulfill the purposes of § 1226(c). In finding Petitioner a danger to the community, the immigration judge noted that Petitioner had a lengthy criminal history including both theft and drug charges, and that Petitioner's recent paucity of charges was the direct result of Petitioner "largely being incarcerated since 2001 – from 2001 to 2008, and from 2011 to [the present]" and that the lack of recent criminal activity "is not necessarily indicative of any rehabilitation." (ECF No. 15 at 5–6). The immigration judge also noted that during Petitioner's brief period of release on bond between 2008 and 2011, Petitioner had not entirely avoided law enforcement as he had received "a few motor vehicle traffic violations" during that time. (ECF No. 15 at 6). Although the immigration judge noted that Petitioner had received a disciplinary infraction during his stay in the Essex County Jail, the judge does not appear to have

relied on that charge in concluding that the Government had established that Petitioner was a danger to the community and that Petitioner had failed to rebut the Government's proof of that status. (ECF No. 15 at 5–6). The immigration judge also rejected Petitioner's argument that he was not a flight risk, finding that Petitioner's lengthy criminal history and previous denials of relief from removal also made him a flight risk. (ECF No. 15 at 6–7). The immigration judge thus concluded that the Government had "met its burden of establishing that [Petitioner]'s continued detention is necessary to fulfill the statute's purposes" and denied Petitioner bond. (ECF No. 15 at 7).

Petitioner thereafter filed his current motion on or about September 6, 2018. (ECF No. 16). In his motion, Petitioner contends that the immigration judge's denial of bond was based on the application of the wrong burden of proof at his bond hearing, and that the immigration judge improperly refused to consider evidence that Petitioner's disciplinary charges at the Essex County Jail had been overturned. Petitioner's motion also presents at length Petitioner's pure disagreement with the outcome of his bond hearing.

## II. **LEGAL STANDARD**

Following the grant of habeas relief, a district court retains continuing jurisdiction to address alleged failures to comply with the court's orders. *Gibbs v. Frank*, 500 F.3d 202, 205–06 (3d Cir. 2007). A district court has "broad discretion" to evaluate and determine whether the relevant authorities have complied with the requirements of its orders granting habeas relief, and has the authority to issue further corrective orders in the event that the authorities have failed to adequately comply with the granting of habeas relief. *Id.* at 208–09.

## III. ANALYSIS

In his motion, Petitioner largely presents his disagreement with the merits of the immigration judge's bond decision. Where a § 1226(c) detainee has already received a bona fide bond hearing, a district court "does not have the power to second guess the discretionary decision of the [immigration judge] to deny . . . release on bond."[1] *Pena v. Davies*, No. 15-7291, 2016 WL 74410 at *2 (D.N.J. Jan. 6, 2016); *see also* 8 U.S.C. § 1226(e) (the "Attorney General's discretionary judgment regarding the [granting or denial of bond] shall not be subject to review. No court may set aside any action or decision [of an immigration judge] regarding the detention or release of any alien, or the grant, revocation, or denial of bond or parole"). A petitioner who has already received such a hearing may therefore only challenge the denial of his request for release on bond by showing that his bond hearing was not bona fide – i.e., that it was in some way conducted in violation of Due Process or some other binding legal authority. *Pena*, 2016 WL 74410 at *2; *see also Colon-Pena v. Rodriguez*, No. 17-10460, 2018 WL 1327110, at *2 (D.N.J. Mar. 15, 2018). Thus, to the extent Petitioner argues that the immigration judge was mistaken in concluding that Petitioner was a flight risk or danger to the community, this Court is without authority to review those conclusions, and may only provide Petitioner relief to the extent his bond hearing was conducted in violation of Due Process or applicable federal law. Petitioner's mere disagreement with the immigration judge is patently insufficient to warrant further relief from this Court.

Petitioner presents a few arguments in support of his contention that his bond hearing was not bona fide. First, Petitioner argues that the immigration judge applied the wrong standard of

---

[1] While this Court has no authority to review the denial of bond, Petitioner remains free to seek review of the merits of the denial of bond through an appeal to the Board of Immigration Appeals, and, in the even the Board denies relief, a petition for review before the Court of Appeals.

4

proof. This assertion is directly contradicted by the immigration judge's opinion. As directed by this Court, the immigration judge required the Government to prove that Petitioner's continued detention was necessary to further the ends of § 1226(c) by showing that Petitioner was either a danger to the community or a flight risk. In deciding Petitioner's bond request, the immigration judge did just that – the judge weighed the evidence provided by the Government, found it sufficient to prove that Petitioner was both a danger and a flight risk, and found Petitioner's evidence to the contrary unavailing. The record thus clearly establishes that the immigration judge applied the correct standard and burdens of proof and acted in accord with the Order of this Court granting Petitioner a bond hearing. Petitioner was thus not deprived of Due Process by an incorrect application of the standard of proof at his bond hearing.[2]

Petitioner also contends that the immigration judge failed to grant him an individualized determination of his dangerousness and flight risk and that the judge failed to consider his current danger and risk rather than that which he posed in the past. The opinion of the immigration judge also belies these assertions. The immigration judge's opinion clearly indicates that the judge considered Petitioner's extensive record, his history of incarceration, and the lack of evidence that Petitioner had been rehabilitated and would not pose a risk were he released once more. The judge also considered the mitigating evidence presented by Petitioner and found it wanting. This

---

[2] Petitioner contends that the Government should have been required to meet its burden by "clear and convincing evidence," relying on the pre-*Jennings* decision of the Middle District of Pennsylvania in *Guerrero Sanchez v. Sabol*, No. 15-2423, 2016 WL 7426129, at *9 (M.D. Pa. Dec. 23, 2016). It appears that in *Guerrero Sanchez*, the court required the Government to meet this heightened standard at a second bond hearing only because an immigration judge had, in the court's opinion, failed to require the Government to prove Guerrero Sanchez's danger and flight risk by even a preponderance of the evidence. *Id.* at *8–9. The imposition of the higher clear and convincing standard was thus a form of relief for this second issue, and does not represent the required standard of proof at an initial post-habeas bond hearing. *Id.* Even assuming they are still binding on this issue, neither *Chavez-Alvarez* nor *Diop* require the use of the clear and convincing standard, and this Court in granting relief to Petitioner in no way required the immigration judge to apply the clear and convincing standard. Thus, even if the immigration judge did not apply this heightened standard, that would form no basis for relief as the judge was not so required by this Court's granting of habeas relief.

5

indicates that the judge considered not only Petitioner's past danger and risk, but also that which he currently poses, permitted Petitioner to attempt to rebut the showing of the Government, and ultimately found that the evidence submitted by the Government firmly established Petitioner to currently be both a flight risk and a danger to the community. Petitioner's contentions are thus without merit, and his arguments amount to little more than disagreement with the immigration judge's conclusions, which is patently insufficient to warrant further relief.

In his final argument, Petitioner contends that the immigration judge improperly refused to consider his submission, after the bond hearing, of a letter indicating that his disciplinary infraction for striking another inmate at the Essex County Jail had been overturned. Initially, the Court notes that, although the immigration judge mentioned the disciplinary charge, it does not appear the judge relied on that charge in reaching the conclusion that Petitioner still presented a danger to the community. Instead, the immigration judge's opinion indicates that it was Petitioner's considerable criminal history and the lack of evidence that Petitioner had been rehabilitated to the extent that he no longer presented a danger to the community that led the judge to find Petitioner dangerous. Thus, it does not appear that the immigration judge relied on the disciplinary infraction, and Petitioner's being granted relief from that infraction would thus be immaterial to the conclusion that he was a danger to the community. It is also not clear that the immigration judge refused to consider the proposed evidence insomuch as the judge appears to have considered Petitioner's submissions and found them insufficient to rebut the showing of danger and flight risk made by the Government. In any event, the immigration judge found Petitioner to present not only a danger to the community but also a flight risk were he to be released. That the immigration judge found Petitioner to be a flight risk would be in and of itself sufficient to warrant the denial of bond. *See Chavez-Alvarez*, 783 F.3d at 474–75. Thus, even if the immigration judge's determination of

Petitioner's danger to the community were suspect – a finding this Court does not make – the judge's determination of Petitioner's flight risk would still require the denial of bond, and Petitioner was thus not harmed to the extent he contends the immigration judge did not review the overturning of his disciplinary infraction in denying him bond. Petitioner's motion has thus presented no basis on which this Court can overturn the denial of his bond given the limitations of 8 U.S.C. § 1226(e), and Petitioner's motion shall therefore be denied.

### III. CONCLUSION

For the reasons expressed above, this Court will deny Petitioner's motion seeking to reopen this matter and enforce this Court's prior order (ECF No. 16). An appropriate order follows.

JOSE L. LINARES,
Chief Judge, United States District Court