# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| K.A., <br><br> Petitioner, <br><br> v. <br><br> **CHARLES GREEN,** <br><br> Respondent. | Civil Action No. 18-3436 (JLL) <br><br> **MEMORANDUM OPINION** |

IT APPEARING THAT:

1. On August 7, 2018, this Court entered an order and opinion granting Petitioner, K.A., a bond hearing. (ECF Nos. 13–14). In that opinion, this Court specifically stated that the burden of proof at that hearing would be placed on the Government and that at Petitioner's hearing, "the Government [will be required] to produce individualized evidence that [Petitioner's] continued detention was or is necessary to further the goals of § 1226(c) – specifically ensuring that Petitioner presents neither a danger to the community nor a flight risk." (ECF No. 13 at 8 (internal quotation marks omitted)).

2. Petitioner received a bond hearing, but was denied bond as the Immigration Judge found that the Government had met its burden of establishing that Petitioner was both a flight risk and a danger to the community, and that his continued detention was therefore necessary to further the goals of the statute. (ECF No. 15 at 2–7).

3. Unsatisfied with the outcome of his bond hearing, Petitioner filed with this Court a motion to reopen his habeas proceedings arguing that he had been denied due process at his bond hearing. (ECF No. 16). In his motion, Petitioner argued that the Immigration Judge had misapplied the applicable law and standard of proof in denying him bond. (ECF No. 16).

1

4. On September 28, 2018, this Court entered an order and opinion denying Petitioner's motion to reopen his habeas proceedings. (ECF Nos. 18–19). In denying that motion, this Court noted that it was without the authority to second guess or review the discretionary decision of the immigration judge to deny Petitioner bond, and could only provide Petitioner with relief were Petitioner to show that his bond hearing had not been bona fide insomuch as Petitioner was in some way denied due process at the hearing. (ECF No. 18 at 4). This Court thereafter found that the Immigration Judge had applied the standard of proof that this Court had imposed upon it by both placing the burden on the Government and making an individualized determination that Petitioner was both a danger to the community and a flight risk, and that Petitioner had therefore not been denied due process. (ECF No. 18 at 5–7). As this Court noted in that opinion, Petitioner's disagreement with the immigration judge's conclusions served as no basis to reopen these habeas proceedings. (ECF No. 18 at 6–7).

5. In denying Petitioner's motion to reopen, this Court also explicitly rejected Petitioner's contention that the Government was required to prove his danger or flight risk by clear and convincing evidence. (ECF No. 18 at 5 n. 2). As this Court explained, "neither *Chavez-Alvarez* [*v. Warden York Cty. Prison*, 783 F.3d 469 (3d Cir. 2015),] nor *Diop* [*v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011)] require the use of the clear and convincing [evidence] standard, and this Court in granting relief to Petitioner in no way required the immigration judge to apply" that standard. (ECF No. 18 at 5 n. 2).

6. On October 11, 2018, Petitioner filed with this Court a motion for reconsideration challenging this Court's denial of his motion to reopen habeas proceedings. (ECF No. 22). In his motion, Petitioner argues that the Third Circuit now requires the use of the clear and convincing evidence standard, which he attributes to the Third Circuit's recent decision in *Guerrero-Sanchez*

*v. Warden York Cty. Prison*, 905 F.3d 208 (3d Cir. 2018), and further disputes the Immigration Judge's individualized finding that Petitioner presents a danger to the community and a flight risk. (ECF No. 22).

7. Whether brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure or Local Civil Rule 7.1(i), the scope of a motion for reconsideration is extremely limited, and courts will grant such motions only sparingly. *Delanoy v. Twp. Of Ocean*, No. 13-1555, 2015 WL 2235103, at *2 (D.N.J. May 12, 2015) (as to Local Civil Rule 7.1(i)); *see also Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (as to Rule 59(e)). An order of the Court may be altered or amended pursuant to such a motion only where the moving party establishes one of the following grounds for relief: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact to prevent manifest injustice." *Delanoy*, 2015 WL 2235106 at *2 (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 667 (3d Cir. 1999)); *see also Blystone*, 664 F.3d at 415 (applying same standard to 59(e) motions). In the reconsideration context, a manifest injustice will generally arise only where "the Court overlooked some dispositive factual or legal matter that was presented to it," or committed a "direct, obvious, and observable" error. *Brown v. Zickefoose*, No. 11-3330, 2011 WL 5007829, at *2 n. 3 (D.N.J. Oct. 18, 2011). Reconsideration motions may not be used to relitigate old matters or to raise arguments or present evidence or allegations that could have been raised prior to entry of the original order, and courts should grant such a motion only where a prior decision "overlooked a factual or legal issue that may alter the disposition of the matter." *Delanoy*, 2015 WL 2235106 at *2.

8. Turning first to Petitioner's *Guerrero-Sanchez* argument, this Court finds that Petitioner has shown no basis for reconsideration. Although Petitioner contends that *Guerrero-Sanchez*

mandates that he receive a bond hearing applying the clear and convincing evidence standard, Petitioner is mistaken. *Guerrero-Sanchez* discussed only the entitlement to a bond hearing for those detained pursuant to 8 U.S.C. § 1231(a)(6) – a statute that does not apply to Petitioner, who is awaiting the outcome of his petition for review before the Third Circuit and is subject to a stay of removal. Petitioner is instead detained pursuant to § 1226(c). *Guerrero-Sanchez* was entirely silent as to the standard applicable to bond hearings ordered for those held pursuant to § 1226(c), and thus its holding does not apply to Petitioner. *Guerrero-Sanchez*, 905 F.3d at 223–26. The Third Circuit has not yet required the clear and convincing evidence standard for bond hearings ordered for those held under § 1226(c), and this Court did not require the use of that standard by the Immigration Judge in its order granting Petitioner a bond hearing. Petitioner is thus mistaken in his belief that he is now retroactively entitled to a bond hearing held under the clear and convincing evidence standard. Should the Third Circuit impose such a requirement in the future, Petitioner would be free to file a new habeas petition arguing that he is entitled to a hearing under that higher standard. At the time Petitioner was granted a bond hearing, that standard was not required, and it has not been required through to the present day for § 1226(c) detainees. Petitioner has thus not shown that this Court's prior decision was erroneous and has presented no valid basis for reconsideration.

9. In his remaining arguments, Petitioner again takes issue with the Immigration Judge's individualized findings that Petitioner presented both a flight risk and a danger to the community. As this Court has previously explained to Petitioner, his disagreement with the Immigration Judge's view of the facts and conclusions is not a basis for relief – this Court is without jurisdiction to second guess the discretionary judgment of the Immigration Judge denying Petitioner bond. 8 U.S.C. § 1226(e). Petitioner's remaining arguments therefore do not show that this Court was

mistaken in denying his motion to reopen habeas proceedings, and Petitioner has therefore failed to show any valid basis for reconsideration.

10. Petitioner's motion for reconsideration (ECF No. 22) is DENIED. An appropriate order follows.

HON. JOSE L. LINARES,
Chief Judge, United States District Court